J-A05039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL D. PERRY | |
| Appellant | No. 1022 WDA 2016 |

Appeal from the Order Entered June 28, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011774-1995
CP-02-CR-0011776-1995
CP-02-CR-0011777-1995
CP-02-CR-0011779-1995
CP-02-CR-0011780-1995
CP-02-CR-0011784-1995
CP-02-CR-0011785-1995
CP-02-CR-0011900-1995

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MOULTON, J.

JUDGMENT ORDER BY MOULTON, J.:          **FILED AUGUST 25, 2017**

Michael D. Perry appeals, *pro se*, from the June 28, 2016 order entered in the Allegheny County Court of Common Pleas denying his motion to enforce plea agreement.  We reverse and remand in light of the Pennsylvania Supreme Court's decision in ***Commonwealth v. Muniz***, ___ A.3d ____, 2017 WL 3173066 (Pa. July 19, 2017).

On April 8, 1996, Perry entered a guilty plea to numerous charges, including rape, kidnapping, indecent assault, corruption of minors, and

involuntary deviate sexual intercourse.[1]  That same day, the trial court sentenced Perry to 10 to 20 years' incarceration.  Perry completed serving his sentence of incarceration on June 10, 2016.  On February 19, 2016, Perry filed a motion to enforce plea agreement, arguing that he should be held exempt from the requirements of the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.44, because SORNA became effective after he pled guilty and an implied term of his plea agreement was that he would not be required to register as a sex offender.  On June 28, 2016, the trial court denied the motion.  Perry filed a timely notice of appeal.

On appeal, Perry raises the following issues:

> 1. Did the lower court properly enforce [Perry's] plea agreement where the parties reasonably understood that all of [Perry's] obligations to the Commonwealth of Pennsylvania relating to the charges to which [he] pled guilty, terminate on June 10, 2016?  (Should [Perry] have to register as a sex offender?)
>
> 2. Did the Commonwealth via the Department of Corrections and Board of Probation and Parole breach [Perry's] plea agreement by applying unlawful rules and policies that eliminated [his] chance of release on parole?
>
> 3. Does the irrebuttable presumption doctrine from *In Re J.B.*, 107 A.3d [1 (Pa. 2014)] apply to adults as well as juveniles, when the risk posed by adult offenders is often lower and always more predictable?

Perry's Am. Br. at 9 (trial court answers omitted).

_____

[1] 18 Pa.C.S. §§ 3121, 2901, 3126(6), 3601, and 3123, respectively.

- 2 -

On July 19, 2017, the Pennsylvania Supreme Court issued its decision in *Muniz*, concluding that SORNA's registration provisions are punitive and, thus, that retroactive application of SORNA's registration provisions violates the *ex post facto* clauses of the federal and Pennsylvania constitutions. 2017 WL 3173066, at *1.[2]

Because the application of SORNA to Perry appears to be unconstitutional under *Muniz*, we vacate the order denying the motion to enforce plea agreement and remand to the trial court for further proceedings consistent with that decision.[3]

Order vacated. Case remanded. Jurisdiction relinquished.

_____

[2] While the lead opinion in *Muniz* was joined in full by only three Justices, that opinion, read together with the concurring opinion authored by Justice Wecht and joined by Justice Todd, supports the statement of the holding set out above. Justice Wecht's opinion disagreed with the lead opinion's conclusion that the Pennsylvania Constitution's *ex post facto* clause provides greater protection than its federal counterpart. The concurring opinion concluded that:

> [T]he state and federal *ex post facto* clauses are coterminous. Nonetheless, as the lead opinion's thorough analysis makes clear, OAJC at 27-45, applying the federal *ex post facto* standards also leads to the conclusion that SORNA is punitive and cannot be applied retroactively.

*Muniz*, 2017 WL 3173066, at *34 (Wecht, J., concurring).

[3] Because Perry is no longer incarcerated, Perry's second issue challenging the failure to the Board of Probation and Parole to grant him parole is moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017